IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERIC ZACK, JOSHUA TRICE, ALLISON HANCOCK and LLOYD RUSSELL WOLLERT, on behalf of himself and all other plaintiffs similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>VILLAGE OF WINTHROP HARBOR,<br><br>Defendant. | Case No. |

## CLASS ACTION COMPLAINT

Plaintiffs, ERIC ZACK, JOSHUA TRICE, ALLISON HANCOCK and LLOYD RUSSELL WOLLERT ("Plaintiffs"), individually and on behalf of all class members, by and through their attorneys of The Miller Law Firm, P.C., bring their claims as a class action against the VILLAGE OF WINTHROP HARBOR ("Defendant") in accordance with Federal and Illinois state wage and hour laws, alleges as follows:

## NATURE OF THE SUIT

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201, *et seq.*, the Illinois Minimum Wage Law ("IMWL"), 820 JLCS § 105/1, *et seq.*, for Defendants' failure to pay Plaintiffs statutory minimum wages and overtime compensation for hours worked over fifty-three (53) in a work period pursuant to Section 7(k) of the FLSA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiffs FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiffs state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), because the facts and events giving rise to Plaintiffs claims occurred in this judicial district.

## THE PARTIES

4. Plaintiffs are current or former employees of the Defendant, working as non-exempt firefighters at Defendant's fire station, located at 830 Sheridan Road, Winthrop Harbor, Illinois.

5. All Plaintiffs reside in and are domiciled in this judicial district.

6. Defendant, Village of Winthrop Harbor, is an Illinois municipality located in Lake County, Illinois.

7. At all relevant times, Defendant earned more than $500,000.00 in annual gross revenue during.

## COMMON ALLEGATIONS

8. Plaintiffs are paid hourly and were assigned to work one of six different shifts during the course of a 7-day work period.

9. In addition to the assigned schedule, 5 firefighters are required to work overnight from 8:00 p.m. to 5:00 a.m. on every 6th day of the of the work period.

10. During the overnight shift from 8:00 p.m. to 5:00 a.m., Plaintiffs are not paid their hourly wage, but rather Defendant only pays Plaintiffs a Fifty Dollar ($50) stipend for this nine hour period.

11. Defendant paid Plaintiffs below the federal and state wage rates when required to work from 8:00 to 5:00 a.m. on every 6th day of the day of the work period.

12. Additionally, Defendant did not compensate Plaintiffs at one and one-half times their regular hourly rate of pay for hours worked in excess of fifty-three (53) in individual work periods when required to work from 8:00 to 5:00 a.m. on every 6th day of the day of the work period.

## COUNT I

### Violation of the Fair Labor Standards Act — Overtime Wages

13. Plaintiffs hereby incorporate paragraphs 1 through 12 as though stated herein.

14. Throughout their employment with Defendant, Plaintiffs were an "employee" of the Defendant as defined in the FLSA, 29 U.S.C. § 203(e)(1).

15. Plaintiffs were not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. § 207.

16. Throughout Plaintiffs employment, Defendant was an "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

17. Defendant is an "enterprise" within the meaning of the FLSA, 29 U.S.C. § 203 (a)(1), and operated as an enterprise engaged in commerce within the meaning of the FLSA, U.S.C. 29 § 203(s)(1)(a).

18. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiffs worked more than fifty-three (53) hours, Defendant was obligated to pay them at a rate of one and one-half times their regular hourly rate of pay for all hours worked over fifty-three (53) in a work period.

19. Defendant's failure and refusal to pay overtime wages for hours worked in excess of fifty-three (53) hours per work period was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

20. Defendant's violation of the Fair Labor Standards Act by refusing to pay Plaintiffs overtime wages was willful and not in good faith. Defendant at all times failed to pay overtime compensation even though Plaintiffs were scheduled to work and did work more than fifty-three (53) hours in a work period.

**WHEREFORE,** Plaintiffs pray for a judgment against Defendant as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half Plaintiffs' regular hourly rate of pay for all hours which Plaintiffs worked in excess of fifty-three (53) hours per period;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT II

### Violation of the Fair Labor Standards Act — Minimum Wages

21. Plaintiffs hereby incorporate paragraphs 1 through 12 as though stated herein.

22. Throughout their employment with Defendant, Plaintiffs were an "employee" of the Defendant as defined in the FLSA, 29 U.S.C. § 203(e)(1).

4

23. Plaintiffs were not exempt from the minimum wage provisions of the FLSA, 29 U.S.C. § 206.

24. During the last three years before the filing of this suit, Defendant was an "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

25. Defendant is an "enterprise" within the meaning of the FLSA, 29 U.S.C. § 203(a)(1), and operated as an enterprise engaged in commerce within the meaning of the FLSA, U.S.C. 29 § 203(s)(1)(a).

26. Pursuant to 29 U.S.C. § 206, Plaintiffs were entitled to be compensated according to the applicable minimum wage rate.

27. Defendant's violation of the Fair Labor Standards Act by refusing to pay Plaintiffs minimum wages was willful and not in good faith.

**WHEREFORE,** Plaintiffs pray for a judgment against Defendant as follows:

A. Judgment in the amount of unpaid minimum wages found due;

B. Liquidated damages in an amount equal to the amount of unpaid wages found due;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT III

### Violation of the Illinois Minimum Wage Law — Minimum Wages

28. Plaintiffs hereby incorporate paragraphs 1 through 12 as though stated herein.

29. Throughout their employment with Defendant, Plaintiffs were an "employee" under the IMWL, 820 ILCS § 105/3(d).

30. Plaintiffs were not exempt from the minimum wage provisions of the IMWL, 820 ILCS § 105/4.

31. During the last three years before the filing of this suit, Defendant was an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

32. Pursuant to 820 ILCS § 105/4, Plaintiffs were entitled to be compensated according to the applicable minimum wage rate under the IMWL.

**WHEREFORE,** Plaintiffs pray for a judgment against Defendant as follows:

A. Judgment in the amount of unpaid minimum wages found due;

B. Statutory interest damages in the amount of two percent (2%) per month of the amount of the amount of underpayments;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated: August 12, 2021

By: *s/ Richard J. Miller*

Richard J. Miller.
THE MILLER LAW FIRM, P.C.
1051 Perimeter Drive, Suite 400
Schaumburg, IL 60173
T: 847-995-1205
F: 847-995-1203
Attorney #6294472
richard.miller@millerlawfirm.org

*One of the Attorneys For Plaintiffs*